IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 25-26-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| ZABI ULLAH MOHAMMED, | |
| Defendant. | |

On October 29, 2025, following a three-day jury trial, Defendant Zabi Ullah Mohammed was found guilty of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 1), and wire fraud in violation of 18 U.S.C. §§ 1343, 1349 and 2 (Count 2), as charged in the Superseding Indictment. (Doc. 92.) The Superseding Indictment sought forfeiture "up to $1,186,323.00 in U.S. Currency" pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (Doc. 37 at 6–7.) On January 8, 2026, Mohammed and the government filed a notice of stipulation to forfeiture in this case. (Doc. 98.) The government then moved unopposed for a preliminary order of forfeiture. (Doc. 99.) For the reasons stated below, the joint stipulation is adopted, the government's motion is granted, and Mohammed's interest in $69,252.00 in United States currency is forfeited pursuant to 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461(c).

1

## ANALYSIS

"If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and [18 U.S.C. § 3554]." 28 U.S.C. § 2461(c). Because neither party in this case sought to retain the jury to determine forfeiture, the Court determines forfeiture under Rule 32.2 of the Federal Rules of Criminal Procedure. To order forfeiture of specific property, the record must show, by a preponderance of the evidence, *United States v. Christensen*, 828 F.3d 763, 822 (9th Cir. 2015) (collecting cases), "what property is subject to forfeiture" and that "the government has established the requisite nexus between the property and the offense," Fed. R. Crim. P. 32.2(b)(1)(A). The "court's determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The criminal forfeiture provision applicable to Mohammed's counts of conviction, 18 U.S.C. § 982(a)(2),[1] provides, *inter alia*, that "[t]he court in imposing sentence on a

---

[1] Although "[t]he Federal Rules of Criminal Procedure and 21 U.S.C. § 853 provide the procedural framework for criminal forfeiture," *United States v. 101 Houseco, LLC*, 22 F.4th 843, 847 (9th Cir. 2022) (citing 18 U.S.C. § 982(b)(1)), 18 U.S.C. § 982(b)(1) specifically states that "[t]he forfeiture of property under this section . . . shall be governed by [21 U.S.C. § 853] . . . *other than subsection (d) of that section*." (Emphasis added.) Subsection (d) of 21 U.S.C. § 853 establishes a "rebuttable presumption." Accordingly, the reliance on this presumption by the

person convicted of a violation of, or a conspiracy to violate . . . [18 U.S.C. §] 1343 . . . shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation."

Taken together, the evidence admitted at trial and the joint stipulation sufficiently show "what property is subject to forfeiture" and that "the government has established the requisite nexus between the property and the offense" to allow a finding of forfeiture of $69,252.00 in United States currency. Fed. R. Crim. P. 32.2(b)(1)(A).

Mohammed's convictions are based on his conduct of picking up large sums of cash and gold from elderly victims, including a victim in Noxon, Montana, and delivering the money to other members of the conspiracy. The trial record shows that Mohammed had $69,252.00 in United States currency in his possession when he was arrested on May 12, 2025, which included $265.00 on his person and $68,987.00 in cash in his backpack, (Ex. 15; *see* Ex. 16), "for a total of $69,252.00," (Doc. 98 at 2). The defense Mohammed presented at trial was that he did not have knowledge that his actions were illegal, not that he had any legal claim to the money that he possessed. Given the evidence in the record and this

---

parties in their joint stipulation, (Doc. 98 at 4), was misplaced and it is not applied here.

defense, "the parties agree that [Mohammed] has no legal claim to the $69,252.00 seized from him upon his arrest and that forfeiture is appropriate." (Doc. 98 at 5.)

Two days prior to his arrest, on May 10, 2025, Mohammed picked up $68,993.00 in cash from a victim in Noxon, Montana. (Ex. 50.) That victim testified during the government's case in chief at trial. (Carabin.) The parties agree, in their notice of stipulation to forfeiture, that "the currency found in [Mohammed]'s backpack subsequent to his arrest is the same currency that [Mohammed] picked up from the victim in Noxon, Montana." (Doc. 98 at 3.) That stipulation, considered in conjunction with the trial record, establishes the requisite nexus between Mohammed's offense conduct and the $68,993.00 taken from the victim in Noxon. This amount constitutes proceeds obtained in Mohammed's scheme of fraud and a conspiracy to commit a scheme of such fraud. 18 U.S.C. § 982(a)(2); *see* 18 U.S.C. §§ 1349, 1343, 1349 and 2. At a minimum then, forfeiture in the amount of $68,993.00 is appropriate. This would be the amount found in the backpack ($68,987.00) plus an additional $6.00.

However, the parties have agreed to a forfeiture amount of $69,252.00, which includes an additional $259.00. While the analysis for this currency is more nuanced, the government has also established the requisite nexus between such property and Mohammed's offense. *See* Fed. R. Crim. P. 32.2(b)(1)(A). Mohammed's engagement in the conspiracy from November 2024 through May

2025 was ongoing, and included three cash pickups on May 6, 8, and 9, 2025, just before his arrest. (Ex. 50.) Mohammed was not working any additional jobs during this time. (Mohammed.) In the joint stipulation, Mohammed himself agrees that he "has no legal claim to the $69,252.00 seized from him upon his arrest and that forfeiture is appropriate." (Doc. 98 at 5.) Accordingly, by a preponderance of the evidence, the joint stipulation and the trial record show that the additional $259.00 constitutes proceeds obtained as the result of Mohammed's engagement in the conspiracy. *See* 21 U.S.C. § 853(a)(1).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the parties' stipulation to forfeiture, (Doc. 98), is ADOPTED, and the government's motion for preliminary order of forfeiture, (Doc. 99), is GRANTED.

IT IS FURTHER ORDERED that Defendant Mohammed's interest in the following property is forfeited to the United States in accordance with 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461(c):

- $69,252.00 in United States currency.

IT IS FURTHER ORDERED that the United States will provide written notice to any third parties with a potential legal interest in any of the above-described property, and will also post notice on an official government internet site (www.forfeiture.gov), for at least 30 consecutive days, of the Court's

Preliminary Order of Forfeiture and the United States' intent to dispose of the property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), and to make its return to this Court that such action has been completed.

IT IS FURTHER ORDERED that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture.

DATED this 11th day of February, 2026.

_____
Donald W. Molloy, District Judge
United States District Court